```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ROMANUS CASTRO,                                    :
                                                   :
                Plaintiff,                         :
                                                   :
        -against-                                  :
                                                   :
JOHN CUSACK; THE WILLIAM MORRIS                    :
AGENCY; DANNY STRONG; LEE DANIELS;                 :
HANK AZARIA; BOB LOWRY; IMAGINE                    :
TELEVISION; 20TH CENTURY FOX TELEVISION            :
ENTERTAINMENT GROUP AND                            :
SUBSIDIARIES; LITTLE CHICKEN                       :
PRODUCTIONS; SONY PICTURES TELEVISION;             :
50 CANNON ENTERTAINMENT; BOB LOWRY                 :
TELEVISON; LEE DANIELS ENTERTAINMENT;              :
DANNY STRONG PRODUCTIONS; MATTHEW                  :
CARNAHAN CIRCUS PRODUCTIONS;                       :
TOUCHSTONE TELEVISION; ABC STUDIOS,                :
DOES 1-20,                                         :
                                                   :
                Defendants.                        :
------------------------------------------------------------------ x
```

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 17 2015 ★

BROOKLYN OFFICE

MEMORANDUM & ORDER

15-CV-6714 (ENV)

VITALIANO, D.J.,

Plaintiff, proceeding *pro se*, brings this action alleging copyright infringement. The Court grants plaintiff's request to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, solely for the purpose of this order, and grants plaintiff 30 days to amend the complaint, as detailed below, in order to comply with the applicable rules.

## Background[1]

Castro claims that, in 2003, he wrote a screenplay entitled the "Summit of Beauty and Love." The screenplay contained a role for the actor John Cusack, prompting him to forward his

---

[1] All facts are drawn from the complaint and are deemed true solely for purposes of this order.

1

work to Cusack's agent at the William Morris Agency. On August 3, 2006, Castro filed an action which alleged that the television series *Huff*, playing on the Showtime cable network, had striking similarities to his screenplay and had, over the course of the series, utilized the entirety of his screenplay. *See Castro v. Azaria*, 06-CV-3853 (ENV) (dismissed for failure to state a claim on March 19, 2007). In the instant complaint, Castro alleges that this same screenplay was used for *D!RT!*, a show that premiered on the FX network on January 2, 2007 and now has also been used for a new series, *Empire*, which premiered on the FOX network on January 7, 2015. Plaintiff seeks monetary damages and an injunction against the "future airing of *Empire* episodes until proper credit may be affixed." Compl. at 27-29.

## Standard of Review

Under 28 U.S.C. § 1915 (e)(2)(B), a district court must dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy"; or (2) "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)).

At the same time, courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (quotation and emphasis omitted). Nonetheless, a complaint must still plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007);

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## Discussion

"In order to make out a claim of copyright infringement ... a plaintiff must establish three things: 1) that his work is protected by a valid copyright, 2) that the defendant copied his work, and 3) that the copying was wrongful." *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 100 (2d Cir. 2014). Moreover, the pleading must satisfy Fed. R. Civ. P. 8, which requires that the complaint provide defendants with fair notice of the claims against them. "[A] plaintiff suing for copyright infringement may not rest on bare-bones allegations that infringement occurred." *Sharp v. Patterson*, No. 03-CV-8772 (GEL), 2004 WL 2480426, at *12-13 (S.D.N.Y. Nov. 3, 2004). Rule 8, in other words, demands that a plaintiff claiming a copyright infringement allege: (i) which specific original work is the subject of the claim, (ii) that plaintiff owns the copyright in the work, (iii) that the copyright has been properly registered in accordance with the statute, and (iv) by what acts, during what time, the defendant infringed on the copyright. *Transcience Corp. v. Big Time Toys, LLC*, 50 F. Supp. 3d 441, 448-49 (S.D.N.Y. 2014).

As currently stated, even interpreting Castro's pleadings as raising the strongest argument they suggest, he has failed to state a claim on which relief may be granted under the Copyright Act. In an abundance of caution, however, and in deference to plaintiff's *pro se* status, the Court grants him 30 days to amend his complaint. *See Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir.

2000) (holding that *pro se* plaintiff should be afforded opportunity to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.") (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)).

Should Castro file an amended complaint, he must set forth the elements of a copyright infringement claim. Specifically, he must truthfully state that he has a valid copyright for his screenplay and that the copyright is registered in accordance with the copyright statute. If available, Castro should include a copy of his copyright registration. If not, Castro must plausibly allege facts upon which he has a valid copyright, though not registered under the copyright statute. In any event, he must provide facts against each defendant named in the amended complaint. Finally, the amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

## Conclusion

Castro's complaint is dismissed with 30 days' leave from the date this order is entered on the docket to amend his pleading to state sufficient facts to allege a violation of the Copyright Act. No summons shall issue at this time and all further proceedings are stayed until further order of this Court. If plaintiff fails to comply with this order within the time allowed, Castro's complaint shall be dismissed with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and *therefore in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So Ordered.

Dated: Brooklyn, New York
March 17, 2016

/S/ Judge Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge