UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROMANUS CASTRO,<br><br>                  Plaintiff,<br><br>        v.<br><br>JOHN CUSACK; THE WILLIAM MORRIS AGENCY; DANNY STRONG; LEE DANIELS; HANK AZARIA; BOB LOWRY; IMAGINE TELEVISION; 20TH CENTURY FOX TELEVISION ENTERTAINMENT GROUP AND SUBSIDIARIES; LITTLE CHICKEN PRODUCTIONS; SONY PICTURES TELEVISION; 50 CANNON ENTERTAINMENT; BOB LOWRY TELEVISION; LEE DANIELS ENTERTAINMENT; DANNY STRONG PRODUCTIONS; COQUETTE PRODUCTIONS; MATTHEW CARNAHAN CIRCUS PRODUCTIONS; TOUCHSTONE TELEVISION; ABC STUDIOS; SHOWTIME NETWORK; DOES 1-20,<br><br>                  Defendants. | CASE NO. 15-CV-6714-ENV-LB<br><br><br>**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT HANK AZARIA TO:**<br>**(1) DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE AND (2) STRIKE PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES**<br><br><br>**Date of Service:** December 21, 2016 |

MITCHELL SILBERBERG & KNUPP LLP

David B. Gordon
DG0010
12 East 49th Street
New York, New York 10017
dbg@msk.com
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

Elaine K. Kim (*pro hac vice*)
11377 West Olympic Boulevard
Los Angeles, California 90064
ekk@msk.com
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Hank Azaria

8457077.4

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................. 1

II.     PROCEDURAL AND FACTUAL BACKGROUND ......................................... 2

III.    LEGAL STANDARD ......................................................................................... 3

IV.    ARGUMENT ...................................................................................................... 3

      A.   Plaintiff Utterly Fails to Plead a Copyright Infringement Claim Against
Azaria ........................................................................................................ 3

      B.   Plaintiff Has No Copyright Infringement Claim Because *Huff* Is Not
Substantially Similar to *TSOBAL* .......................................................... 5

      C.   Plaintiff Cannot State a Claim for Conversion, Conspiracy, or Punitive
Damages .................................................................................................... 6

      D.   Plaintiff Fails to Plead Access to His Screenplay By *Huff*'s Creator ................... 6

      E.   Plaintiff's Claims Against Azaria Are Also Barred by *Res Judicata* ................... 7

      F.   Plaintiff's Claims Against Azaria Are Barred by the Statute of Limitations ......... 8

V.     CONCLUSION................................................................................................... 8

8457077.4

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...................................................................................................4, 5

*Brought to Life Music, Inc. v. MCA Records, Inc.*,
  2003 U.S. Dist. LEXIS 1967 (S.D.N.Y. Feb. 11, 2003)..................................................4

*Byrne v. British Broad Corp.*,
  132 F. Supp. 2d 229 (S.D.N.Y. 2001)...........................................................................4

*Cieszkowska v. Gray Line New York*,
  295 F.3d 204 (2d Cir. 2002)..........................................................................................7

*Dimmie v. Carey*,
  88 F. Supp. 2d 142 (S.D.N.Y. 2000).............................................................................7

*Excell v. City of N.Y.*,
  2012 U.S. Dist. LEXIS 93080 (E.D.N.Y. July 3, 2012).................................................8

*Gal v. Viacom Int'l, Inc.*,
  518 F. Supp. 2d 526 (S.D.N.Y. 2007)...........................................................................7

*Jackson v. Broad. Music, Inc.*,
  2006 U.S. Dist. LEXIS 3960 (S.D.N.Y. Jan. 31, 2006).................................................8

*Jorgensen v. Epic/Sony Records*,
  351 F.3d 46 (2d Cir. 2003).......................................................................................6, 7

*Parks v. ABC, Inc.*,
  2008 U.S. Dist. LEXIS 5085 (S.D.N.Y. Jan. 24, 2008).................................................8

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
  602 F.3d 57 (2d Cir. 2010).......................................................................................4, 6

*Ranieri v. Adirondack Dev. Grp., LLC*,
  2013 U.S. Dist. LEXIS 43223 (N.D.N.Y. Mar. 27, 2013)...............................................4

*Thayil v. Fox Corp.*,
  2012 U.S. Dist. LEXIS 13669 (S.D.N.Y. Feb. 2, 2012).................................................5

ii

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Tomasini v. Walt Disney Co.*,
    84 F. Supp. 2d 516 (S.D.N.Y. 2000) ........................................................................7

*Towler v. Sayles*,
    76 F.3d 579 (4th Cir. 1996) ....................................................................................6

**STATUTES**

17 U.S.C.
    § 507(b) .....................................................................................................................8

28 U.S.C.
    § 1915(e)(2)(B) ........................................................................................................2

iii

# I.    INTRODUCTION

Hank Azaria is an actor who appeared in the *Huff* television series—one of three vastly different television shows that Plaintiff Romanus Castro absurdly claims all copied his one screenplay, "The Summit of Beauty and Love" ("*TSOBAL*").  In his blatant attempt to drag in as many defendants as possible, Plaintiff has included Azaria in his long list of defendants related to *Huff*, despite the fact that he claims that others—not Azaria—created and broadcast the show. The Amended Complaint ("FAC") fails to plead facts showing that Azaria committed any acts of copyright infringement, and he should be dismissed from this action.

Even apart from the dearth of facts regarding Azaria's purported conduct, Plaintiff's claims against Azaria, and all of the other *Huff* defendants, fail as a matter of law for all of the reasons set forth in the Joint Motion and Reply of Showtime Networks Inc. and Sony Pictures Television Inc., and supporting papers (Dkt. 84-1 through 84-12, Dkt. 84-17, and Dkt. 84-19) ("Showtime/SPT Motion"), which Azaria joins.  Plaintiff's claim that *Huff*, a two-season television series about a psychiatrist and his family and best friend, is substantially similar to his film screenplay about a music journalist who falls in love with a schizophrenic musician, is patently frivolous.  Neither Plaintiff's mischaracterizations nor any possible amendment to the FAC can alter the content of the works themselves, which are before the Court and which doom his copyright infringement claim.  And because the Copyright Act preempts Plaintiff's remaining claims for conversion or conspiracy, those claims must be dismissed as well, and his request for punitive damages stricken.

Although the Court need not reach any further grounds to dismiss the FAC against Azaria with prejudice, there are more.  Plaintiff alleges no facts that could possibly establish that *Huff*'s

creator, identified by Plaintiff as Bob Lowry, had access to his screenplay.  Plaintiff's fantastical

theory that actor John Cusack—despite having no involvement in *Huff* or the other two television

series *DIRT* and *Empire*—orchestrated a twelve-year plan to distribute *TSOBAL* to the unrelated

creators of these three separate shows is not only facially implausible, defying any common

sense, it cannot establish access under the law of this Circuit.

Additionally, Plaintiff's meritless claims against Azaria are both claim-barred and time-

barred.  This Court's 2007 judgment dismissing Plaintiff's prior *Huff* action against Azaria and

others for failure to state a claim, and the three-year statute of limitations, preclude him from

attempting to litigate his claims against Azaria again, a decade later.

## II.        PROCEDURAL AND FACTUAL BACKGROUND

Azaria hereby adopts and incorporates by reference the Procedural and Factual

Background in the Memorandum of Law in Support of the Showtime/SPT Motion (Dkt. 84-1, at

pp. 2-8), as well as the Declaration of Elaine K. Kim and accompanying Exhibits (Dkt. 84-3

through 84-12).

As the Court is aware, Plaintiff previously filed a lawsuit claiming that *Huff* copied

*TSOBAL*.  That lawsuit, *Castro v. Azaria, et al.*, Case No. 06-cv-03853-ENV-LB (E.D.N.Y.)

("First Action"), named Azaria as a defendant, in addition to Showtime, SPT, William Morris

Agency, and others.  On March 19, 2007, after granting Plaintiff two opportunities to amend, this

Court entered an Order and Civil Judgment dismissing the action for failure to state a claim

pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See* Showtime/SPT Kim Decl., Ex. 6 (Dkt. 84-9).

In the current action, the Court dismissed Plaintiff's initial complaint, but granted him

another chance to amend, cautioning that he "must set forth the elements of a copyright

infringement" and "must provide facts against each defendant named in the amended complaint."

Dkt. 5, at pp. 3, 4.  Despite that instruction, Plaintiff's FAC provides no facts setting forth the elements of any claim against Azaria.  Plaintiff alleges that Azaria is an actor who starred in the *Huff* series and received an Emmy nomination for his acting role.  FAC, ¶¶ 7, 51.  Plaintiff's initial listing of the nineteen defendants conclusorily states that Azaria was a "PRODUCER (HUFF)" (*id.*, at p. 2), but the FAC contains no factual allegations whatsoever that Azaria used Plaintiff's screenplay to create *Huff* or that he aired the show.  To the contrary, the FAC alleges that the show was created by Bob Lowry and aired on Showtime.  *Id.*, ¶¶ 6-8.

Plaintiff does not claim to have sent his screenplay to Bob Lowry or to Azaria.  Rather, he contends that John Cusack was the "nucleus" who doggedly pursued a twelve-year agenda to distribute *TSOBAL* to the other defendants.  FAC, ¶¶ 66, 60; *see id.*, ¶ 52 ("It's time for this plaintiff's intellectual property to be returned from the tight fisted grip John Cusack has had on it.").  Despite that colorful rhetoric, Plaintiff does not claim that he ever sent his screenplay to Cusack directly, that Cusack had any involvement with *Huff*, or that Cusack had any relationship with the alleged creator of *Huff*, Bob Lowry.  *See id.*, ¶ 5; *see also id.*, ¶ 7 ("Plaintiff was incredulous about how a script meant for John Cusack in care of his agent ended up in the hands of a person by the name of ***Bob Lowry***, who slapped his name on it, and represented by different talent/literary agency and re-titled it 'HUFF?'").

### III.   LEGAL STANDARD

Azaria adopts and incorporates by reference the legal standard as set forth in Section III of the Showtime/SPT Motion (Dkt. No. 84-1, at pp. 8-9).

### IV.   ARGUMENT

**A.   <u>Plaintiff Utterly Fails to Plead a Copyright Infringement Claim Against Azaria</u>**

Plaintiff's accusation that Azaria (along with eighteen other defendants) infringed his

3

copyright is based on nothing more than mere "labels and conclusions," which must be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The FAC contains no actual ***facts*** that Azaria committed "unauthorized copying or a violation of one of the other exclusive rights afforded copyright owners pursuant to the Copyright Act," as required to state a claim for copyright infringement. *Byrne v. British Broad Corp.*, 132 F. Supp. 2d 229, 232 (S.D.N.Y. 2001); *see Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010) (plaintiff must establish that "the defendant has actually copied the plaintiff's work" (quotations omitted)). Indeed, Plaintiff specifically contends that Bob Lowry—not Azaria—supposedly used his screenplay to create *Huff*. *See* FAC, ¶ 7 ("plaintiff's intellectual property had been stolen by this literary thief Bob Lowry to advance his career"), ¶ 48 ("Bob Lowry . . . continues the delusion of taking credit for this story"). Plaintiff's allegation that Azaria starred in *Huff*, and his naked assertion that Azaria was a producer, do not show that Azaria created any derivative work based on *TSOBAL* or engaged in any other acts that violated Plaintiff's purported rights under the Copyright Act. *See Brought to Life Music, Inc. v. MCA Records, Inc.*, 2003 U.S. Dist. LEXIS 1967, at *3-4 (S.D.N.Y. Feb. 11, 2003) (dismissing copyright infringement claim against record producer alleged to have provided plaintiff's work to the creator of the allegedly infringing work, but who himself was "not alleged to have (i) reproduced plaintiff's work; (ii) prepared derivative works based on plaintiff's work; (iii) distributed copies of plaintiff's work to the public for sale; or (iv) performed plaintiff's work publicly by means of digital audio transmission").[1]

---

[1] *See also Ranieri v. Adirondack Dev. Grp., LLC*, 2013 U.S. Dist. LEXIS 43223, at *21-22, 26 (N.D.N.Y. Mar. 27, 2013) (dismissing copyright infringement claims against moving defendants with prejudice because no facts regarding their individual conduct were alleged; "Where, as here,

4

Despite Plaintiff's numerous opportunities in this action and the First Action to plead a claim against Azaria, the FAC simply has no "factual content that allows the court to draw the reasonable inference that [Azaria] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff's bare-bones accusation that Azaria harmed him does not state any plausible claim for relief, and must be dismissed. *See* Dkt. 5 at p. 3 ("'A plaintiff suing for copyright infringement may not rest on bare-bones allegations that infringement occurred,'" but must allege, *inter alia*, "by what acts, during what time, the defendant infringed on the copyright."); *Thayil v. Fox Corp.*, 2012 U.S. Dist. LEXIS 13669, at *18 (S.D.N.Y. Feb. 2, 2012) (dismissing with prejudice a *pro se* complaint with "generalized accusations of defendants' wrongdoing" "which are unsupported by factual assertions").

**B.** **Plaintiff Has No Copyright Infringement Claim Because *Huff* Is Not Substantially Similar to *TSOBAL***

Plaintiff should not be permitted yet another opportunity to try to amend for another, dispositive reason: *Huff* and *TSOBAL*, on their face, are not remotely similar in protectible expression. Plaintiff's claim that three different television series all infringe his screenplay underscores that his allegations of similarity concern the most generic of ideas present in countless works, and which are not protected by copyright. Azaria further joins in and incorporates Section IV.B. of the Showtime/SPT Motion (Dkt. 84-1, at pp. 10-12, 13-24),

---

a complaint is devoid of specific factual allegations regarding the wrongful conduct of each [defendant] . . . , primarily consists of unsupported conclusory allegations regarding [the d]efendants as a collective group, . . . directly alleges that [d]efendants violated various laws and are liable pursuant to the statutory eligibility requirements[, . .] recites the requisite elements for certain causes of action[, . . .] never alleges individual conduct that, if proven, would demonstrate that a law was violated or would otherwise state a claim for relief against any particular [d]efendant[, and includes] facts [that] are inconsistent and do not support the individual claims asserted against the [d]efendants[, . . .] it must be dismissed as insufficient.'" (quotations omitted)).

5

Appendix A (Dkt. 84-2), and Section II.A of the Showtime/SPT Reply (Dkt. 84-17, at pp. 2-5).

C.   **Plaintiff Cannot State a Claim for Conversion, Conspiracy, or Punitive Damages**

Plaintiff fails to plead facts supporting any claim of conversion or conspiracy against Azaria, but at any rate, the Copyright Act preempts any such claims and bars his demand for punitive damages.  Azaria refers to and incorporates Section IV.C. of the Showtime/SPT Motion (Dkt. 84-1, at pp. 24-25), and Section II.B of the Showtime/SPT Reply (Dkt. 84-17, at pp. 5-6).

D.   **Plaintiff Fails to Plead Access to His Screenplay By *Huff*'s Creator**

Plaintiff's FAC contains no factual allegations that even come close to showing that Bob Lowry, "the person who composed the defendant's work," had access to his screenplay before creating *Huff*.  *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003) (quotations omitted).  Plaintiff's copyright infringement claim fails for this additional reason.[2]

 As discussed in Section IV.B. of the Showtime/SPT Motion (Dkt. 84-1, at pp. 12-13), and Section II.C of the Showtime/SPT Reply (Dkt. 84-17, at pp. 6-8), which Azaria joins, Plaintiff asserts that simply because he allegedly sent *TSOBAL* to Gaby Morgerman at William Morris Agency, whom he believed to be the talent agent for John Cusack, anyone that Cusack has ever known in his life thereby gained access to *TSOBAL*.  Plaintiff does not claim that Cusack knew Bob Lowry, but even if he could, that would still fail to plead access as a matter of law.  *See Towler v. Sayles*, 76 F.3d 579, 583 (4th Cir. 1996), *quoted in Jorgensen*, 351 F.3d at 53 ("A court may infer that the alleged infringer had a reasonable possibility of access if the author

---

[2] Because *Huff* and *TSOBAL* are not substantially similar, there can be no copyright infringement even if there was access.  *See Peter F. Gaito*, 602 F.3d at 63 (plaintiff must demonstrate *both* that "(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's" (quotations omitted)).

6

sent the copyrighted work to a third party intermediary who has a *close relationship* with the infringer.  An intermediary will fall within this category, for example, if she supervises or works in the same department as the infringer or contributes creative ideas to him."); *Tomasini v. Walt Disney Co.*, 84 F. Supp. 2d 516, 522 (S.D.N.Y. 2000) ("[A]n inference of access based on a third party's possession of the plaintiff's work requires more than a mere allegation that someone known to the defendant possessed the work in question." (quotations omitted)).  Nor can any assertion that Azaria was represented by an agent at William Morris Agency remedy this defect.  Even assuming *arguendo* that Morgerman received Plaintiff's unsolicited submission, such "bare corporate receipt" cannot establish access by all agents at William Morris Agency, much less access by all of those agents' respective clients and then by extension by all persons that those various clients know.  *See Gal v. Viacom Int'l, Inc.*, 518 F. Supp. 2d 526, 539 (S.D.N.Y. 2007) ("Even where there is evidence that a defendant publishing company *received* a work that a plaintiff alleges was infringed by a work published by that company, courts have found that corporate receipt alone is insufficient to establish a chain of events leading to *access*, as that concept is used in copyright law." (citing *Jorgensen*, 351 F.3d at 48)); *Dimmie v. Carey*, 88 F. Supp. 2d 142, 146 (S.D.N.Y. 2000) (plaintiff's mailing of work to defendant record company that released song at issue was legally insufficient to establish access by the artist on record label who composed the song).

**E.    Plaintiff's Claims Against Azaria Are Also Barred by *Res Judicata***

Alternatively, *res judicata* precludes the claims here because (1) "a final judgment" was "entered on the merits" dismissing his First Action; (2) the First Action involved "the same parties"—Plaintiff and Azaria; and (3) both actions concern the same claims and events—that *Huff* copied *TSOBAL*.  *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205 (2d Cir. 2002).

7

Azaria joins in and incorporates Section IV.A of the Showtime/SPT Motion (Dkt. 84-1, at pp. 9-10), and Section II.D of the Showtime/SPT Reply (Dkt. 84-17, at pp. 8-9).

**F.**   **Plaintiff's Claims Against Azaria Are Barred by the Statute of Limitations**

Plaintiff's baseless claims against Azaria are also barred by the three-year statute of limitations. *See* 17 U.S.C. § 507(b).[3]  Plaintiff does not allege any particular conduct by Azaria other than his role on the *Huff* series, which ended when "the final episode of HUFF ended on June 26, 2006"—nine years before Plaintiff filed this action.  FAC, ¶ 8.  Moreover, Plaintiff admits that knew of his claims by November 7, 2004.  *Id.*, ¶ 6.  Any claims against Azaria are clearly time-barred.  *See Parks v. ABC, Inc.*, 2008 U.S. Dist. LEXIS 5085, at *8 (S.D.N.Y. Jan. 24, 2008) (dismissing claim where complaint alleged that defendant's latest date of exploitation was more than three years prior to filing).

**V.**   **CONCLUSION**

For the foregoing reasons, Plaintiff cannot state any cause of action against Azaria as a matter of law, and the Amended Complaint against Azaria should be dismissed in its entirety and with prejudice.

DATED:  Los Angeles, California
              December 21, 2016

Respectfully submitted,

By: _____
      Elaine K. Kim

---

[3] The statute of limitations for conversion or conspiracy to commit conversion is similarly three years. *Jackson v. Broad. Music, Inc.*, 2006 U.S. Dist. LEXIS 3960, at *28 (S.D.N.Y. Jan. 31, 2006), *aff'd*, 2007 U.S. App. LEXIS 23492 (2d Cir. Oct. 5, 2007) (conversion); *Excell v. City of N.Y.*, 2012 U.S. Dist. LEXIS 93080, at *13-14 (E.D.N.Y. July 3, 2012) (conspiracy).

8457077.4